Mr. Justice Nott
delivered the opinion of the .court;
*460 In this case, there are two questions submitted to the consideration of the court;
1st. Whether the acceptor of a hill of exchange and the maker of a promissory note are liable to an indorser for the costs which he may have incurred in consequence of default of payment by them.
2nd. If they are not, whether the maker of the note in this case, is liable in consequence of any special promise or undertaking by him.
1st. I believe the prevailing , opinion has been, in thiinstate, that they were liable for the costs in all the actions brought against the endorsers,' though I do not know that the question has ever been directly made before. In the cases of Smith vs. McDow, and of Haig vs. Newton, (1 Con. Rep. 277-422, j it appears to have been assumed as a conceded point, that they were so liable, but the point was not contested. In the case of Richardson vs. Presnal, (1 McCord’s Rep. 192,) the reasoning of the court would seem to lead to a different conclusion, though the question was not necessary to the decision of the case. In Bailey on Bills, it is said that it had been the prevailing opinion, that where an action had been brought against several indorsers, that the action would not be stayed against one, upon paying the debt and costs in the action against himself, unless he would also pay the costs in all the actions against the subsequent indorsers, against whom judgments had not been obtained. But that jt had been lately held that none but the acceptor who had made the original default was liable for the costs in all the actions. The sanie doctrine is laid down in an early edition of Chitty On Bills, 290 ; and both rely on the case of Smith vs. Woodrock, (4 Term Rep. 691,) in support of that position. From these authorities, it would seem inferrible that the acceptor of a bill, and the maker of a note, are responsible for the costs of all the actions against the endorsers. And in Maxwell On Bills, 73, the law is so expressly laid down. But in the case of Simpson vs. Griffin, (9 Johnson, 131,) it is directly *461 decided that the maker of a note is not liable to the payee for costs which he has paid (as indorser. And in a later’ edition of Chitty, 473, after stating that the court will not stay proceedings against an acceptor without paying the costs of all the actions, he adds, it will, therefore be the least expensive course for the acceptor to suffer judgment to go against him, in which case, he can only be charged with the costs of the particular action against himself. And in 1 Tidd’s Practice, 482, the same rule is laid down as in Baity- and Chitty, with regard to staying proceedings ; but, says the author, “ if the plaintiff proceed to judgment, each defendant is liable for his own costs, and the plaintiff cannot take out execution against one defendant for the costs of another.” In the case of Gilman vs. Carr, (2 Mass. Sep. 171,) it was decided that if the indorsee accept satisfaction from the indorser, he cannot have judgment against the drawer of a note, even for costs ; but on the contrary, the maker of the note was entitled to costs. Judge Parker said, it was a case in which a party might bring several actions for the same sum, but that he did it at his peril as to costs ; and the whole court agreed, (of which chief justice Parsons was one,) that having received satisfaction in one action, he could not maintain the other.
The reason therefore why the court will not stay proceedings against the acceptor of a bill or the drawer of a note, without the payment of the costs of all the actions against the indorsers, against whom judgments have not been obtained, is not because they (the acceptor and the drawer of a note) are liable for those costs, but because it would thereby throw the costs of all those actions on the plaintiff. And as they have committed the first fault, and thereby occasioned-all those costs, the court will give-no relief unless they will pay them, but will let the plaintiff proceed to judgment against all the parties, to enable him to recover his costs in all the actions. It may be said, that although the holder cannot tax the costs of the other ..actions against the acceptor, yet the endorsers may main *462 tain their actions against him for the costs which they have-paid, as so much money paid^or his use. But it will bejiereeived that he has not been benefitted by the payment of those costs, and the indorser may always save himself from costs by paying up the money, which he is under as great an obligation to do as the acceptor; and the fact-that no precedent of such an action can be found, is of itself a strong argument against it. 1 think therefore that the defendant is not liable for the costs paid by the indorser.
Rice, for the motion.
Xkcnkin, contra.
2d. With regard to the promise of the defendant, it was nothing more than that he would settle the debt with the plaintiff; it was a promise that he would do what the law required him to do, and no more. There was no such undertaking as would make him liable on the ground of a ■special promise. I am of opinion, therefore, that a new trial should be granted, unless the plaintiff will release-that part of the verdict which embraces the costs of the action against the indorser.
Justices Richardson, Huger and Gantt, concurred.